**IN THE COURT OF APPEALS OF IOWA**

No. 15-0728
Filed June 15, 2016

**MANFRED LITTLE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom,

Judge.

        Manfred Little appeals the denial of his application for postconviction relief.

**AFFIRMED.**

        Susan R. Stockdale, Windsor Heights, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant

Attorney General, for appellee State.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Manfred Little appeals the denial of his application for postconviction relief (PCR). He contends he is entitled to PCR because he received ineffective assistance of counsel. Because Little has not proved his counsel was ineffective, we affirm.

### I. Background Facts and Proceedings.

The State charged Little with first-degree kidnapping and willful injury causing serious injury based on the physical and verbal abuse he perpetrated on his wife, Jane, between May 30, 2006, and August 9, 2006. He was convicted of both charges following a jury trial, but his kidnapping conviction was reversed on appeal and the case was remanded for a new trial. *See State v. Little* (*Little I*), No. 08-1125, 2010 WL 786011, at *1 (Iowa Ct. App. Mar. 10, 2010). His kidnapping conviction was affirmed after he was convicted in a second jury trial. *See State v. Little* (*Little II*), No. 10-1642, 2011 WL 5399202, at *1 (Iowa Ct. App. Nov. 9, 2011).

In December 2012, Little filed a pro se PCR application. After he was appointed counsel, Little filed an amended application. His counsel raised three claims. The amended application also set forth over twenty pro se claims, many of which contain subparts. In a forty-two page ruling, the PCR court extensively addressed these claims, found them to be without merit, and denied the application. Little appeals, claiming he received ineffective assistance of counsel.

### II. Ineffective Assistance of Counsel.

We review ineffective-assistance-of-counsel claims de novo. *See State v. Ary*, 877 N.W.2d 686, 704 (Iowa 2016). To prevail, Little must show "counsel failed to perform an essential duty and prejudice resulted." *Id.* In addressing the first element, "we presume counsel performed competently unless the claimant proves by a preponderance of the evidence counsel failed to perform an essential duty." *Id.* The second element is met if the claimant shows "a reasonable probability that, but for counsel's failure to perform an essential duty, the result of the proceeding would have been different." *Id.* at 705.

### A. Intoxication Defense.

Little first contends he received ineffective assistance when trial counsel failed to pursue an intoxication defense. Iowa Code section 701.5 (2005) states:

> The fact that a person is under the influence of intoxicants or drugs neither excuses the person's act nor aggravates the person's guilt, but may be shown where it is relevant in proving the person's specific intent or recklessness at the time of the person's alleged criminal act or in proving any element of the public offense with which the person is charged.

An intoxication defense is not a complete defense, but it may negate the specific-intent element of a crime, rendering the defendant guilty of a lesser included offense that consists of the act without the intent. *See State v. Guerrero Cordero*, 861 N.W.2d 253, 259 (Iowa 2015).

Little alleges his attorneys breached an essential duty by failing to develop the record with "an expert on alcoholism and how it affects the ability to form intent." Although he admits he never brought the issue of alcoholism to his attorneys' attention and had no medical records documenting his alcohol abuse,

Little argues his attorneys had sufficient notice of his alcohol use to pursue an intoxication defense, citing deposition testimony regarding his drinking and a psychological evaluation that was performed by Steven G. Warner, Ph.D., to determine his competency to stand trial.

The evidence shows that Little had been drinking beer during, or in the time leading up to, several incidents of abuse. Dr. Wagner's psychological evaluation noted that "[a]lcohol-related problems" were likely, "including difficulties in interpersonal relationships." However, this evidence is not sufficient to support an intoxication defense because nothing in the record indicates Little's alcohol use impaired his ability to form a specific intent to cause serious injury. A high level of intoxication is required to support a finding that a defendant lacked specific intent. *See id.* There is no indication that level of intoxication existed here, where Little informed Dr. Warner that he would drink, "at the most," four or five cans of beer per day. Evidence of mere intoxication or alcohol use is not enough. *See id.*

Little has not met his burden of proving counsel breached an essential duty by failing to present an intoxication defense to the jury in either trial. Accordingly, we affirm on this issue.

### B. Sufficiency of the Evidence.

Little also contends he received ineffective assistance of counsel because there was insufficient evidence to support his first-degree-kidnapping conviction.[1]

---

[1] Although this claim is being raised for the first time on appeal, the traditional error preservation rules do not apply because Little also alleges his PCR counsel was ineffective in failing to raise the claim below. *See State v. Ambrose*, 861 N.W.2d 550,

Specifically, he complains his attorneys were ineffective in failing to challenge the sufficiency of the evidence showing he had the requisite specific intent to inflict serious injury on his wife or to subject her to sexual abuse, which the State was required to prove to convict him of kidnapping.[2]  *See* Iowa Code § 710.1(3).

Substantial evidence established Little possessed the necessary specific intent.[3]  A reasonable jury could find Little engaged in a pattern of physical abuse against Jane.  As this court held in *Little II*, "[t]here was evidence Little severely beat his wife, strangled her, and threatened her with weapons, among other acts."  2011 WL 5399202, at *3.  On one occasion, Little drove his truck "screeching towards" Jane while she "scream[ed] in terror," asking Jane "if she knew what was coming" and saying "he was going to crack her f* * *ing skull

---

555 (Iowa 2015) (noting claims of ineffective assistance of counsel are an exception to the traditional rules of error preservation).

[2] The State argues Little is precluded from raising this issue because this court decided the issue in his prior direct appeals.  Although Little's first kidnapping conviction was reversed due to the erroneous admission of prior bad acts evidence, this court addressed whether the evidence could support a kidnapping conviction as a matter of law in response to Little's claim a second trial was unnecessary.  *See Little I*, 2010 WL 786011, at *15-16.  This court rejected Little's claim, holding "[t]here was sufficient evidence from which a reasonable jury could conclude that [Little] confined Jane, knowing he did not have her consent, with the purpose of inflicting serious injury or sexual abuse on her."  *Id.* at *16.  We agree the matter was fully litigated in Little's first trial.

Following his second trial, this court affirmed Little's kidnapping conviction, noting that in *Little I*, this court considered a sufficiency-of-the-evidence argument "based upon substantially the same evidence and without considering the prior bad acts evidence erroneously admitted" and concluded the evidence was sufficient to support the conviction.  *Little II*, 2011 WL 5399202, at *4.  However, Little only raised one claim with regard to the sufficiency of the evidence, asserting "there was insufficient evidence of the elements of confinement contemporaneous with serious injury or sexual abuse, claiming there was only proof of 'purely mental or emotional confinement' and no physical restraint.'"  *Id.* at *3.  The question of whether Little had the specific intent to inflict serious injury or subject Jane to sexual abuse was not specifically argued or addressed in the second appeal.  *See id.*

[3] Little argues there is insufficient evidence to show he possessed the necessary specific intent at the start of the confinement, which the State alleged spanned several months.  However, he provides no authority in support of his claim that the State was required to prove he possessed the specific intent necessary at the start of the confinement.

again." *Id.* Jane also suffered brain injuries after Little "threw her into the bathtub," "pulled her out, took her to the toilet, and 'kept sticking [her] head under the water in the toilet and holding it there and hitting [her] head on the toilet.'" *Little I*, 2010 WL 786011, at *3-4 (alteration in original). From Little's acts and the consequences flowing therefrom, a reasonable jury could find Little possessed the specific intent to cause a serious injury to Jane. *See State v. Taylor*, 689 N.W.2d 116, 132 (Iowa 2004) (stating intent may be inferred from the surrounding circumstances and a fact finder can infer that an actor intends the natural and probable consequences of a voluntary[4] act).

Counsel had no duty to challenge the sufficiency of the evidence regarding Little's specific intent. *See State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003) (noting "counsel has no duty to raise an issue that has no merit"). Accordingly, we affirm the order denying his PCR application.

**AFFIRMED.**

---

[4] Little's claim he was "probably intoxicated at the time" he inflicted the brain injuries such that he could not have formed the specific intent to cause serious injury is unsupported by the evidence, as found in the previous section.